UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADRON LITTLMANE FLOYD,

        Plaintiff,                Case No. 2:04-cv-282

v.                                             Honorable Robert Holmes Bell

PATRICIA L. CARUSO, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. On January 19, 2005, this Court dismissed Plaintiff's complaint for failure to exhaust administrative remedies pursuant to the total exhaustion rule. Plaintiff appealed this dismissal. On February 2, 2007, the Sixth Circuit reversed the decision of this court and remanded the case pursuant to *Jones v. Bock*, 126 S. Ct. 1462 (2006). Service was ordered on Defendants, who have now filed motions to dismiss for failure to exhaust administrative remedies (docket #44 and #60). Plaintiff filed a response (docket #51) and affidavit (docket #52) on or about June 4, 2007. Upon review, I recommend that Defendants' motions to dismiss based on Plaintiff's failure to exhaust his available administrative remedies be denied.

**Applicable Standard**

        A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged

in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the

moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).  The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).  Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Facts**

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF).  As noted in the January 19, 2005, opinion dismissing this action, Plaintiff sues Defendants MDOC Director Patricia Caruso, Deputy Director Dennis Sraub, Former Deputy Director Dan Bolden, Correctional Facility Administrator Chuck Zamiara, Warden Tim Luoma, Deputy Warden G. M. Quiggin, Deputy Warden Darlene Edlund, Resident Unit Manager Joureau, Assistant Deputy Warden Luetzow, Case Manager Perttu, Case Manager Terry Swift, Resident Unit Officer Jim LaChance, Corrections Officer T. Datto, Corrections Officer Tennyson, Corrections Officer O'Dell, Sergeant Hayes, Sergeant Haajata, R.N. Nancy, R.N. Carrie, and R.N. Johnson.

Plaintiff claims that he was assaulted by Defendants Recker, Datto, LaChance, Tennyson, Perry and Datto, and that Defendants O'Dell, Joureau, and Perttu failed to intervene on

Plaintiff's behalf.  Plaintiff states that Defendants Hayes and Haajata refused to have Plaintiff's leg irons and belly chains loosened despite Plaintiff's pleas that they were painful and interfering with his circulation.  Plaintiff contends that the Defendant Nurses, R.N. Nancy, R.N. Carrie and R.N. Johnson, were deliberately indifferent to Plaintiff's medical needs.  Plaintiff alleges that Defendants Zamiara, Edlund, and Luetzow violated policy to keep Plaintiff in maximum security in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments and that Defendants Swift and Quiggins transferred Plaintiff to level V in retaliation for filing grievances, which also violated the Eighth and Fourteenth Amendments.  Plaintiff asserts that Defendant Bolden has supervisory liability for his subordinates' misconduct, and that Defendants Edlund and Luetzow were deliberately indifferent to Plaintiff's safety when they failed to remove Defendant LaChance from the segregation units.  For relief, Plaintiff requests compensatory and punitive damages, as well as declaratory and injunctive relief.

## Discussion

Defendants claim that they are entitled to dismissal of this action because Plaintiff failed to exhaust his available administrative remedies.  In the initial dismissal of this action, the court noted that Plaintiff had failed to show that he exhausted his claims against Defendants Caruso and Straub, whom Plaintiff claims are non-grievable parties, as well as Defendants Bolden, Zamiara, Luoma, Quiggin, Edlund, Luetzow and Swift.  Consequently, the court dismissed Plaintiff's action pursuant to the total exhaustion rule, which has since been struck down by the Supreme Court.  *Jones v. Bock*, 127 S. Ct. 910, 924-26 (2007).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner must

- 4 -

exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

---

[1] The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievance. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶R. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

In this case, Defendants have filed a motion to dismiss. They have not attached any documents in support of their motion. Defendants argue that Plaintiff's grievance was rejected as untimely. Plaintiff replies by asserting that he filed a timely grievance directly to step III. Plaintiff states that this grievance was received in the Prisoner Affairs Section on July 18, 2003, which is timely. Plaintiff indicates that Prisoner Affairs returned the grievance to him on October 1, 2003, and instructed him to file it at step I, but Plaintiff was not given the proper form until December of

2003.  As noted above, the burden is on Defendants to show that Plaintiff failed to exhaust when asserting exhaustion as an affirmative defense.  Exhaustion is no longer a pleading requirement. The Supreme Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed.  Accordingly, it is inappropriate to dismiss a case for failure to exhaust on a Rule 12(b) motion unless the Plaintiff states in his complaint that he failed to exhaust his grievances against a defendant on a particular claim. The fact that Plaintiff attaches grievances to his complaint that may not show exhaustion of every issue presented is of no consequence, because Plaintiff has no duty to show exhaustion.  The burden lies solely with a defendant to show that Plaintiff failed to exhaust grievance remedies.  It is each defendant's responsibility to support a motion for summary judgment with specific reasons why a issue should be dismissed for failure to exhaust.  A general statement that Plaintiff failed to exhaust his grievance remedies will not be sufficient.  Moreover, where Defendants' claim that a grievance was not properly filed, it is Defendants' burden to establish that Plaintiff's grievances were procedurally defective.  In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006)*,* the Supreme Court held that a prisoner fails to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance.  Accordingly, because Defendants have not met their burden, their motion to dismiss should be denied on the exhaustion issues.

        Defendants also claim that Plaintiff's assertions regarding his security classification level in 2000 and 2003 should be dismissed for failure to state a claim because he does not have a liberty interest in being housed in a particular security level.  However, Plaintiff alleges that Defendants' conduct was motivated by a desire to retaliate against him for his use of the grievance procedure.  These claims may not be dismissed solely on a motion to dismiss.

Finally, Defendants state that Plaintiff's claim that Defendant Bolden has supervisory liability for his subordinates' misconduct should be dismissed for failure to state a claim. In the opinion of the undersigned, Defendants are correct. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959

- 8 -

(6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

As noted by Defendants, Plaintiff's claim that Defendant Bolden is liable for the conduct of his subordinates is not cognizable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the undersigned recommends that this claim be dismissed.

### Recommended Disposition

For the foregoing reasons, I recommend that Defendants' motions to dismiss (docket #44 and #60) be granted with regard to Plaintiff's supervisory claim against Defendant Bolden and denied with regard to the remaining claims.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  January 18, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).