UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADRON LITTLMANE FLOYD,

        Plaintiff,                      Case No. 2:04-cv-282

v.                                    Honorable Robert Holmes Bell

PATRICIA L. CARUSO, et al.,

        Defendants.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on January 8, 2008. The Report and Recommendation was duly served on the parties. The Court received objections from Defendants and from Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In their objections, Defendants state that their burden to demonstrate that a grievance is procedurally defective does not equate with a mandate that the court ignore evidence before it when that evidence demonstrates noncompliance with the prison grievance process simply because Plaintiff submitted the grievance. Defendants then assert that Plaintiff produced evidence of his attempted grievances, which did not comply with the exhaustion requirement. Defendants state that once a procedurally defective grievance filing has been demonstrated, the burden shifts to Plaintiff to show that the grievance was compliant or that he was prevented from complying with the grievance requirements through no fault of his own.

It is clear that Defendants do not understand the holding of *Jones v. Bock*, 126 S. Ct. 1462 (2006). As noted in the report and recommendation, the fact that Plaintiff attaches grievances to his complaint that may not show exhaustion of every issue presented is of no consequence, because Plaintiff has no duty to show exhaustion. Defendants seem to think that if Plaintiff offers any copies of grievances he filed, they may rely on that without offering any evidence that no other grievances were filed. This is not the case. Any attachments to Plaintiff's complaint are irrelevant for the purpose of showing that no other grievances exist. Defendants must come forward with evidence showing that Plaintiff did not file any grievances exhausting his claims, such as a grievance inquiry report or an affidavit of the party responsible for searching the record. The failure to provide such support in a motion for summary judgment requires the denial of such a motion.

As noted by the Magistrate Judge in the report and recommendation, Plaintiff's claim that Defendant Bolden is liable for the misconduct of his subordinates is not cognizable under § 1983. Therefore, Defendant Bolden is properly dismissed from this action.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge (Docket #64) is approved and adopted as the opinion of the court.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Bolden are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). However, the remainder of Plaintiff's claims are not properly dismissed at this time.

Date:   March 7, 2008            /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE