UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADRON LITTLMANE FLOYD,

        Plaintiff,

v.

        File No. 2:04-CV-282

        HON. ROBERT HOLMES BELL

PATRICIA L. CARUSO, et al.,

        Defendants.
        _____/

## ORDER AND JUDGMENT ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 9, 2009, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation recommending that the motion for summary judgment filed by Defendants Caruso, Datto, Edlund, Haajata, Hays, Hulkoff, Hyrkas, Jondreau, Luetzow, McQuiggan, Perttu, Recker, Straub, Swift, Tennyson, and Zamiara (Dkt. No. 76) be granted in part and denied in part; that the motion for summary judgment filed by Defendants LaChance and Luoma (Dkt. No. 109) be granted in part and denied in part; that summary judgment be granted to Defendants Zamiara, Edlund, Luetzow, Swift, McQuiggan, and Luoma only; that Defendant O'Dell's motion for summary judgment (Dkt. No. 98) be denied; and that Plaintiff's motion for a temporary restraining order and preliminary injunction (Dkt. No. 87), motion for discovery (Dkt. No. 80), and motion for extension of time and for discovery (Dkt. No. 82), be denied. The report and recommendation was duly

served on the parties. Objections have been filed by Defendants Jondreau, Perttu, Hays, Haajata, Hulkoff, Hyrkas, and LaChance (Dkt. No. 120) and by Plaintiff (Dkt. No. 122).

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Defendants object to the Magistrate Judge's conclusion that there is a genuine issue of fact as to whether Plaintiff properly exhausted his excessive force claims against them. Defendants contend that even if there is an issue of fact as to the timeliness of Plaintiff's Step I grievance, there is no issue of fact that Plaintiff's Step II grievance appeal was untimely. The appeal was due on January 20, 2004; it was not received until January 26, 2004; and, even if exception is made for mailing time, the outgoing postmark indicates that the appeal was not mailed until January 22, 2004, two days after it was due.

The timeliness of Plaintiff's Step II grievance appeal is not addressed in the R&R. This is understandable. Although the issue of the timeliness of Plaintiff's Step II grievance appeal can be found in the body of Defendants' motion for summary judgment, it is not mentioned in Defendants' statement of issues presented or in the caption to their exhaustion argument. (Dkt. No. 77, Defs.' Br. at i, 3.) In any event, Plaintiff argued in response to Defendants' motion for summary judgment that his appeal was dated January 18, 2004, that he sent it out on time, and that he had no control over when the mail left the prison. (Dkt.

No. 84, Pl.'s Br. in Opp'n 7.)  The Court is satisfied that there is a question of fact as to the timeliness of the Step II appeal as well as the Step I grievance.  The Court accordingly agrees with the Magistrate Judge that Defendants have not established that they are entitled to dismissal of Plaintiff's excessive force claims for failure to exhaust grievance remedies.

Plaintiff objects to the Magistrate Judge's conclusion that he has not stated a due process claim arising out of his transfer to a level V maximum security facility.  Plaintiff contends that the conditions of confinement at a maximum security prison impose an "atypical and significant hardship" on the inmate "in relation to the ordinary incidents of prison life," *Sandin v. Connor*, 515 U.S. 472, 484 (1995), such that, like the supermax conditions described in *Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005), they give rise to a liberty interest in their avoidance.

"[A]n increase in security classification . . . does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005)(internal quotation marks and citations omitted).  "Even a transfer to a maximum security facility with more burdensome conditions is 'within the normal limits or range of custody which the conviction has authorized the State to impose.'" *Bazzetta v. McGinnis*, 430 F.3d 795, 804 (6th Cir. 2005) (quoting *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).  Conditions at the supermax facility at issue in *Wilkinson* were deemed to fall outside the ordinary incidents of

3

prison life because they were "more restrictive than any other form of incarceration in Ohio, including conditions on its death row or in its administrative control units," and subjected the prisoner to "extreme isolation." *Id.* at 214. Plaintiff has not alleged facts to suggest that a Michigan level V maximum security prison is the most restrictive form of incarceration in the state or that it is anywhere near as restrictive or onerous as a supermax facility. Although Plaintiff alleges that the transfer from a medium security to a maximum security prison resulted in the loss of certain privileges such as employment, contact visits, and use of the telephone, the loss of privileges does not constitute an "atypical and significant hardship." *See Wolff v. McDonnell*, 418 U.S. 539, 571 n.1 (1974) (noting that the denial of privileges does not require the use of procedures that comply with due process); *Bazzetta*, 430 F.3d at 802-05 (holding that a ban on all visitation was not an atypical and significant hardship in relation to ordinary incidents of prison life). Because Plaintiff does not have a liberty interest in avoiding placement in a maximum security facility, he fails to state a due process claim with regard to his transfer to a maximum security prison.

Plaintiff also objects to the Magistrate Judge's conclusion that he has not stated an Eighth Amendment claim arising out of his classification and transfer to a level V maximum security facility. Plaintiff contends that his confinement in a Level V maximum security segregation unit was disproportionate to the seriousness of the misconduct tickets for which he was being punished and the crime for which he was incarcerated.

4

To establish an Eighth Amendment violation, a prisoner must demonstrate that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Alleging that prison conditions 'are restrictive and even harsh' does not suffice because such conditions 'are part of the penalty that criminal offenders pay for their offenses against society.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Rhodes*, 452 U.S. at 347). "Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim." *Harden-Bey*, 524 F.3d at 795 (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)). *See also Bradley v. Evans*, No. 98-1150, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000) (unpublished) (rejecting the plaintiff's Eighth Amendment disproportionality claim). Although Plaintiff's objections make reference to allegedly inhumane conditions in segregation, these allegations are not sufficient to withstand the recommended dismissal of his Eighth Amendment claim because they go far beyond the scope of the Eighth Amendment allegations in his complaint or the arguments and evidence presented in response to Defendants' summary judgment motions. Absent compelling reasons a party is not allowed to raise at the district court stage new arguments or issues that were not presented to the magistrate judge. 28 U.S.C. § 631 *et seq.*; *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). Accordingly,

5

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the objections filed by Defendants Jondreau, Perttu, Hays, Haajata, Hulkoff, Hyrkas, and LaChance (Dkt. No. 120) and by Plaintiff (Dkt. No. 122) are **DENIED**.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Defendants Caruso, Datto, Edlund, Haajata, Hays, Hulkoff, Hyrkas, Jondreau, Luetzow, McQuiggan, Perttu, Recker, Straub, Swift, Tennyson, and Zamiara (Dkt. No. 76) and the motion for summary judgment filed by Defendants LaChance and Luoma (Dkt. No. 109) are **GRANTED IN PART and DENIED IN PART** as set forth in the R&R.

**IT IS FURTHER ORDERED** that Defendant O'Dell's motion for summary judgment (Dkt. No. 98) is **DENIED**.

**IT IS FURTHER ORDERED** that **JUDGMENT** is entered in favor of Defendants Zamiara, Edlund, Luetzow, Swift, McQuiggan, and Luoma.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order and preliminary injunction (Dkt. No. 87), Plaintiff's motion for discovery (Dkt. No. 80), and Plaintiff's motion for extension of time and for discovery (Dkt. No. 82) are **DENIED**.

Dated: April 23, 2009        /s/ Robert Holmes Bell
                             ROBERT HOLMES BELL
                             UNITED STATES DISTRICT JUDGE