UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADRON LITTLMANE FLOYD,

   Plaintiff,

                 File No. 2:04-CV-282

v.

                 HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

   Defendants
            /

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 23, 2009, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted and that this action be dismissed in its entirety. (Dkt. No. 131, Mot. for SJ; Dkt. No. 160, R&R.) Plaintiff Adron Littlmane Floyd filed objections to the R&R on October 8, 2009. (Dkt. No. 162.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff contends that it was improper for the Magistrate Judge to rely on the Michigan Department of Corrections' ("MDOC") finding of a major misconduct because the

MDOC's finding was based on biased credibility determinations. In support of this argument, Plaintiff relies on evidence discussed in another case, *Perry v. McGinnis*, 209 F.3d 597 (6th Cir. 2000).

Plaintiff's objection lacks merit for a number of reasons. First, it relies on evidence that is not part of the record in this case. Plaintiff has presented no evidence to suggest that the quota system discussed in *Perry* affected his misconduct hearing. Second, contrary to Plaintiff's assumptions, the *Perry* court did not make a finding that MDOC misconduct hearings are subject to a quota system. The *Perry* court merely found that there was sufficient evidence that the speech at issue in that action concerned the issue of a quota system, which was a matter of public concern. *Id.* at 606. Accordingly, contrary to Plaintiff's assertions, *Perry* does not suggest that the Court is required to disregard the result of Plaintiff's misconduct hearing on the basis that the hearing was biased. In addition, Plaintiff's Eighth Amendment claim is subject to dismissal in any event because it necessarily implies the invalidity of the guilty finding on his misconduct ticket. *See Edwards v. Balisok*, 520 U.S. 641, 645-48 (1997) (extending the principles announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), to bar § 1983 actions that challenge procedures, including those for misconduct violations, which necessarily imply unlawful confinement); *see also Knapp v. Martin*, 22 F. App'x 589, 590 (6th Cir. 2001) ("The determination of the hearing officer has not been overturned in this case. Thus, Knapp has not stated a claim under § 1983 on this issue."); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1,

2000) (unpublished) (affirming the dismissal of a prisoner's Eighth Amendment claim because, in light of his major misconduct conviction, it was subject to the *Heck*-bar).

Plaintiff has raised several objections based on his contention that, in making findings regarding the nature and cause of Plaintiff's injuries, the Magistrate Judge ignored Plaintiff's evidence and erroneously drew inferences in favor of Defendants rather than Plaintiff. Upon review, the Court finds that the Magistrate Judge did consider Plaintiff's evidence and that he correctly determined that the evidence, viewed in the light most favorable to Plaintiff, showed nothing more than de minimis injuries, which are insufficient to sustain an Eighth Amendment excessive force claim.[1] *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (holding that the prohibition of "cruel and unusual" punishments "necessarily excludes from constitutional recognition de minimis uses of physical force"); *see also Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005) (unpublished) (noting that the Sixth Circuit has repeatedly held in unpublished opinions that "even though the physical injury required by §1997e(e) for a § 1983 claim need not be significant, it must be more than de minimis for an Eighth Amendment claim to go forward").

Plaintiff objects to the recommendation that his failure-to-protect claim against Defendants Jondreau and Perttu be dismissed because Plaintiff contends there is a genuine

---

[1]For example, contrary to Plaintiff's contention that the Magistrate Judge failed to consider evidence that he had a black eye, the Magistrate Judge did consider the evidence Plaintiff references, including evidence of bruising and swelling, and he correctly determined that the evidence showed nothing more than de minimis injuries.

issue of material fact as to their presence and involvement. Contrary to Plaintiff's assertions, the Magistrate Judge did not recommend judgment in favor of these Defendants based on any finding related to their presence or involvement. Plaintiff's contentions appear to be directed to Defendants' arguments rather than to any findings in the R&R, and do not require a response from this Court.

Plaintiff objects to the R&R's failure to address his contention that Defendants' failure to remove the excessively tight leg irons for six hours violated the Eighth Amendment. Contrary to Plaintiff's contentions, the R&R did not fail to address this claim. The R&R recognized that Plaintiff complained of sore ankles as a result of the leg irons, and that he had some discoloration on his outer ankles. Nevertheless, the R&R appropriately determined that the injuries Plaintiff complained of were de minimis.

Plaintiff objects to the alternative determination in the R&R that Defendants are entitled to qualified immunity. Because the Court agrees with the R&R's determination that Plaintiff failed to establish that his constitutional rights were violated, the Court agrees with the determination that Defendants are entitled to qualified immunity.

Finally, Plaintiff objects to the entry of summary judgment because he has not been allowed discovery on the issue of motive and intent.

The R&R recommends summary judgment for Defendants based on the de minimis nature of Plaintiff's injuries rather than on the lack of motive or intent. None of the discovery Plaintiff contends he needed to respond to the motion for summary judgment is

4

relevant to the nature of his injuries. Therefore, Plaintiff has not shown that he has been precluded from presenting facts essential to justify his opposition to the motion for summary judgment. *See* Fed. R. Civ. P. 56(f) (requiring a party who opposes a motion for summary judgment on the basis of a lack of discovery to show by affidavit that, "for specified reasons, it cannot present facts essential to justify its opposition"). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the September 23, 2009, R&R (Dkt. No. 162) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the September 23, 2009, R&R (Dkt. No. 160) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 131) is **GRANTED**.

**IT IS FURTHER CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that an appeal of this action would not be taken in good faith.


Dated: January 21, 2010　　　　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE