UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADRON LITTLMANE FLOYD,

        Plaintiff,                      Case No. 2:04-cv-282

v.                                        Honorable Robert Holmes Bell

PATRICIA L. CARUSO, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Adron Littlmane Floyd, an inmate currently confined at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, Defendants include MDOC Director Patricia Caruso, Deputy Director Dennis Straub, Former Deputy Director Dan Bolden, Correctional Facility Administrator Chuck Zamiara, Warden Tim Luoma, Deputy Warden G. M. Quiggin, Deputy Warden Darlene Edlund, Resident Unit Manager Joureau[1], Assistant Deputy Warden Luetzow, Case Manager Perttu, Case Manager Terry Swift, Resident Unit Officer Jim LaChance, Corrections Officer T. Datto, Corrections Officer Tennyson, Corrections Officer O'Dell, Sergeant Hayes, Sergeant Haajata, R.N. Nancy, R.N. Carrie, and R.N. Johnson.

Plaintiff's complaint alleges that while he was confined at the Baraga Maximum Correctional Facility (AMF), he was assaulted by Defendants Recker, Datto, LaChance, Tennyson, Perry and Datto, and that Defendants O'Dell, Joureau, and Perttu failed to intervene on Plaintiff's behalf. Plaintiff states that Defendants Hayes and Haajata refused to have Plaintiff's leg irons and

---

[1]Also named as "Jondreau."

belly chains loosened despite Plaintiff's pleas that they were painful and interfering with his circulation.  Plaintiff contends that the Defendant Nurses, R.N. Nancy, R.N. Carrie and R.N. Johnson, were deliberately indifferent to Plaintiff's medical needs. Plaintiff alleges that Defendants Zamiara, Edlund, and Luetzow violated policy to keep Plaintiff in maximum security in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments and that Defendants Swift and Quiggins transferred Plaintiff to level V in retaliation for filing grievances, which also violated the Eighth and Fourteenth Amendments. Plaintiff asserts that Defendant Bolden has supervisory liability for his subordinates' misconduct, and that Defendants Edlund and Luetzow were deliberately indifferent to Plaintiff's safety when they failed to remove Defendant LaChance from the segregation units.  For relief, Plaintiff requests compensatory and punitive damages, as well as declaratory and injunctive relief.

The case was initially filed in December of 2004.  In January of 2005, the case was dismissed for lack of exhaustion.  An appeal was filed with the Sixth Circuit in February of 2005. In June of 2006, an order was issued by the Sixth Circuit holding the case in abeyance pending resolution by the U.S. Supreme Court of the cases *Williams v. Overton*, 126 S.Ct. 1463 (U.S. Mar. 6, 2006) (No. 05-7142) and *Jones v. Bock*, 126 S.Ct. 1462 (U.S. Mar. 6, 2006) (No. 05-7058).  In March of 2007, the case was remanded to this Court.  Several dispositive motions were filed by Defendants in 2007.  Those motions resulted in the dismissal of Defendant Bolden by order dated March 7, 2008.  Thereafter, Defendants filed a new batch of dispositive motions, which resulted in the April 23, 2009, dismissal of Defendants Zamiara, Edlund, Luetzow, Swift, McQuiggin, and Luoma.  On January 21, 2010, this court adopted the September 23, 2009, report and recommendation and granted the remaining Defendants' motion for summary judgment, dismissing this case in its entirety.  However, on August 16, 2010, the court granted Plaintiff's motion for

reconsideration and vacated the January 21, 2010, judgment of dismissal on the basis of *Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010). In *Wilkins*, the United States Supreme Court held that it is improper to dismiss an Eighth Amendment excessive force claim solely on the basis that the prisoner did not have injuries which were more than de minimis.

Currently before the court is the Motion for Summary Judgment filed by Defendants Joureau, Perttu, Hulkoff, LaChance, Hyrkas, Recker, Datto, Tennyson, O'Dell, Hay, Haataja, Caruso, and Straub, pursuant to Fed. R. Civ. P. 56 (docket #178). Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue

of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants state that they are entitled to summary judgment on Plaintiff's Eighth Amendment claims because he is unable to offer any evidentiary support for his claims. The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.* However, every malevolent touch by a prison guard does not give rise to an Eighth Amendment cause of action, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), and the prisoner must allege that he sustained more than de minimis injury in order to state a viable excessive force claim. *See id.* at 9-10; *Thaddeus-X v. Blatter*, 175 F.3d 378, 402 (6th Cir. 1999) (en banc).

In their brief in support of the motion for summary judgment, Defendants assert that only the excessive force claim should be revisited, as the holding in *Wilkins* has no effect on Plaintiff's numerous other claims, which were originally part of this case. Defendants are correct. Therefore, under the "law-of-the-case doctrine," only those the claims relating to Plaintiff's excessive force claims need be addressed by this Court. All of Plaintiff's other claims are properly dismissed. *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006); *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994).

As noted above, Plaintiff is asserting excessive force claims against Defendants Recker, Datto, LaChance, and Tennyson. In addition, Plaintiff claims that Defendants O'Dell, Joureau and Perttu witnessed the incident and failed to intervene. Because Plaintiff's failure to protect claims against Defendants O'Dell, Joureau and Perttu are inextricably related to the excessive force claims, these claims may not be dismissed under the "law-of-the-case doctrine."

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir.1995). *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001).

In Plaintiff's complaint, he alleges that Defendants Recker, Datto, LaChance, and Tennyson tried to trip him down a flight of stairs, called him stupid and slapped him, punched him in the jaw, stomped him in the face, threw him into his cell head first, and entered his cell and began stomping him again, causing him to black out. Plaintiff also alleges that Defendants O'Dell, Joureau, and Perttu watched the attack and failed to intervene.

In support of the motion for summary judgment, Defendants offer their affidavits, in which they attest that Defendants Datto and LaChance were escorting Plaintiff to a phone on July 10, 2003, when he became loud and disruptive. Defendant Jondreau noticed Plaintiff's disruptive

- 5 -

behavior and warned him that if he continued, he would be returned to his cell. Plaintiff was allowed to use the phone and, as he was being taken back to his cell, he again became disruptive and spat at the officers, striking Defendant LaChance on the shoulder. Plaintiff then grabbed the railing to the stairs and began kicking. Defendant Recker arrived to assist in the situation and Plaintiff was placed on the floor and leg irons were applied, while Plaintiff resisted and kicked. Plaintiff was then carried to his cell and placed inside. Once inside, Plaintiff rolled to his back and began kicking at staff, striking Defendant Tennyson as he was exiting the cell. Plaintiff also attempted to entangle Defendants Tennyson and LaChance in his leg irons. (Defendants' Exhibits 2-6.)

Defendants also attach a copy of the major misconduct hearing report regarding the incident. During the hearing, Plaintiff made an oral statement regarding his version of the events and the video was viewed outside Plaintiff's presence. Hearing Officer Mohrman noted that the video did not capture the incident on the stairs or in Plaintiff's cell. The other evidence considered included a photo of Defendant LaChance's shirt, the statements of Defendants Recker, Datto, LaChance, and Officer Perry, the statements of Plaintiff and his three prisoner witnesses, and the spit mask recommendation. In the report, Hearing Officer Mohrman found:

> 1. Disobeying a direct order. Guilty based upon the report as well as the statements of Office [sic] Datto which are consistent with one another. I find prisoner was told to keep moving after he stopped. The prisoner was being escorted back to his cell by the officers. He stopped and was told to keep moving. The prisoner could have done so and did not.
>
> 2. Assault and battery. Based upon the report as well as officer Datto and the photo, I find him guilty. The prisoner's claim that this was fabricated and he was deliberately assaulted as he had insulted the [Resident Unit Manager] is not logical or believed. The prisoner spit on the officer and struck him in the upper chest area. This was deliberate and non consensual contact to injure and abuse the officer.

> 3. Assault and battery. (In cell). Guilty based upon the report as well as the statements of several staff who were present in the cell. The prisoner had just been returned to his cell - carried there by staff. The prisoner was placed on the floor. Tennyson was one of the last out and the prisoner kicked him in the legs. This is persuasive as the prisoner would still have been on the floor and it is logical he would have struck out at staff and thus would have kicked the officer in the legs. This was deliberate and intentional contact done to injure and abuse the officer.

(Defendants' Exhibit 7.)

Defendants also attach excerpts from Plaintiff's video deposition, in which he claimed that Defendant Recker was on top of him, while Defendants Datto and LaChance were kicking him. Plaintiff states that Defendants Perttu and Jondreau put leg irons on him. Defendants Datto and LaChance, and a Corrections Officer named Perry, then picked Plaintiff up and carried him to his cell, throwing him into the cell. Plaintiff states that, at this point, Defendants Datto and LaChance kicked him. Plaintiff responded by curling up in a fetal position. When Defendants ran out of his cell, Plaintiff spat on them. Defendants LaChance and Tennyson then ran back in and began stomping on Plaintiff. (Defendants' Exhibit 1.)

Defendants assert that even when the issue of de minimis injuries is not used as the basis for the decision, Plaintiff has still failed to establish with sufficient evidence that he was subjected to excessive force in violation of the Eighth Amendment. Defendants also state that while it is possible that a prisoner could receive only de minimis injuries and still establish an Eighth Amendment claim if the force was inflicted maliciously and sadistically to cause harm, the absence of significant injury can be considered.

As noted by the United States Supreme Court in *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010), significant injury is not a threshold requirement for an excessive force claim. Instead, the "'core judicial inquiry' [is not] the extent of the injury," but "whether [the force used] was

nontrivial and "was applied . . . maliciously and sadistically to cause harm.'" *Id.* at 1179 (quoting *Hudson*, 503 U.S. at 7). In this case, the parties have presented conflicting evidence regarding the events at issue. Defendants present affidavits and a misconduct report indicating that Plaintiff was guilty of assaulting them and that they merely used the force necessary to subdue Plaintiff. On the other hand, Plaintiff testified in his deposition that he was held down, kicked and stomped on by Defendants. Therefore, there appears to be a genuine issue of material fact regarding Plaintiff's excessive force and failure to protect claims.

In summary, in the opinion of the undersigned, Defendants Recker, Datto, LaChance, Tennyson, O'Dell, Joureau and Perttu are not entitled to summary judgment on Plaintiff's excessive force and failure to protect claims. However, Defendants Caruso, Haataja, Hay, Hulkoff, Hyrkas, and Straub are entitled to summary judgment pursuant to the "law-of-the-case doctrine." Accordingly, it is recommended that Defendants' Motion for Summary Judgment (docket #178) be granted with regard to Defendants Caruso, Haataja, Hay, Hulkoff, Hyrkas and Straub, and denied with regard to Defendants Recker, Datto, LaChance, Tennyson, O'Dell, Joureau and Perttu.

Plaintiff has also filed a motion for a temporary restraining order (docket #195), in which he asserts that he has been placed in a filthy cell which was previously occupied by a prisoner with Hepatitis C and HIV, and that he is being deprived of food trays. Plaintiff states that because he is not being fed, he is unable to take his medication to control his high blood pressure. Plaintiff states that he is in danger of serious bodily harm and death as a result of Defendants' conduct. Defendants respond that the allegations asserted in Plaintiff's motion for a temporary restraining order are unrelated to his excessive force claims and that the motion should therefore be denied. Defendants are correct. *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant relief of "the same character as that which may be

granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit.") Should Plaintiff wish to pursue the claims set forth in his motion for a temporary restraining order, he may file a separate action setting forth those claims. Therefore, the undersigned recommends denial of Plaintiff's motion for a temporary restraining order (docket #195).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 11, 2011