UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADRON FLOYD,

        Plaintiff,

v.

        File No. 2:04-CV-282

        HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

        Defendants.
        /

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 11, 2011, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment (Dkt. No. 178) be granted in part and denied in part and that Plaintiff's motion for temporary restraining order (Dkt. No. 195) be denied. (Dkt. No. 201, R&R.) Defendants have filed objections to the R&R. (Dkt. No. 202.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Defendants object to the R&R's conclusion that there is a genuine issue of material fact for trial on Plaintiff's excessive force and failure to protect claims. First, they contend

that Plaintiff failed to come forward with any evidence at all. In conjunction with their motion for summary judgment, Defendants presented affidavits and a misconduct report indicating that Plaintiff assaulted them and that they merely used the force necessary to subdue Plaintiff. (Dkt. No. 179, Defs.' Br., Exs. 2-7.) Defendants contend that in response to their motion, Plaintiff produced "nothing more than unsupported statements." (Dkt. No. 202, 2.) Defendants correctly note that Plaintiff did not attach any evidence to his response brief. However, there is no requirement that a party who opposes summary judgment attach evidence to his response brief. A party who asserts that a fact is genuinely disputed is merely required to support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Plaintiff's response to Defendants' motion contained more than "unsupported statements." Plaintiff referenced evidence in the record, including his verified complaint (Dkt. No. 1), his affidavit (Dkt. No. 149), and his medical records (Dkt. No. 149, Ex. 1.) In addition, as noted in the R&R, the record also contains excerpts from Plaintiff's deposition. (*See* Dkt. No. 183, Ex. 1.)

Defendants' second objection is that Plaintiff did not come forward with any evidence that Defendants applied force maliciously and sadistically to cause harm. Plaintiff has cited to evidence in the record that he was beaten, stomped, and kicked by Defendants, that his restraints were too tight, and that he suffered injuries as a result. He has also cited to evidence that Defendants continued to use force against him after he was placed in his cell and while he was in restraints. This evidence is sufficient to create an issue of fact as to

whether Defendants applied force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' objections to the August 11, 2011, R&R (Dkt. No. 202) are **OVERRULED**.

**IT IS FURTHER ORDERED**  the August 11, 2011, R&R of the Magistrate Judge (Dkt. No. 201) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 178) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** with regard to Defendants Caruso, Haataja, Hay, Hulkoff, Hyrkas, and Straub, and **DENIED** with regard to Defendants Recker, Datto, LaChance, Tennyson, O'Dell, Joureau, and Perttu.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order (Dkt. No. 195) is **DENIED**.


Dated: <u>September 8, 2011</u>               /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE